# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| EDDIE ROLANDA JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF GEORGIA, CHATHAM ) <br> COUNTY SHERIFF DEPARTMENT, ) <br> AL ST. LAWRENCE, and ) <br> MCARTHUR HOLMES, ) <br> ) <br> Defendants. ) | Case No. CV410-196 |

## REPORT AND RECOMMENDATION

Eddie Rolanda Johnson, who is currently detained in the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 civil rights complaint against defendants regarding the conditions of his confinement. (Doc. 1.) The Court granted Johnson leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 5 & 6.)

The Prison Litigation Reform Act ("PLRA") requires federal courts

to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Johnson complains that he has been singled out and mistreated at the Chatham County Detention Center due to the nature of the charges against him -- he has been labeled an "old lady rap[i]st."[1] (Doc. 1 at 5.) He states that trustees and prison officials slandered him and have attempted to incite violence against him starting on or about July 23, 2008. (*Id.* at 5,

---

[1] According to a police department news release, DNA testing confirmed that Johnson sexually assaulted an 87-year-old woman in 2005. (*See* attach. 1; *see also* attach. 2 (docket from *State v. Johnson*, No. CR092972 (Chatham County, Ga. Super. Ct. Dec. 11, 2009)).

6-7.) The response was so profound that he had to be moved to protective custody, where he had to "endure extra hardships" like handcuffing during visitations and being trapped in a room still accessible to certain people that wished him harm. (*Id.* at 7.) During that time, he was accused of tampering with the locks to his door, and he was denied the opportunity to contest that charge. (*Id.* at 7-8.) Johnson also claims that jail officials poisoned his food -- a wing officer hid Johnson's food tray behind a desk, stated something like "don't worry, I didn't poison your food," and Johnson had a stomach ache after eating it -- and the jail's medical staff refused to treat him. (*Id.* at 5.) He was then moved to the jail's "high risk" section, where he was further mistreated. (*Id.* at 8.)

In protest, he eventually pulled the emergency fire sprinkler and flooded his cell. (*Id.*) After pulling the fire sprinkler, he was kept for some time in a rundown cell without plumbing "amidst urine and stool" for sixteen hours. (*Id.* at 5, 9.) Additionally, he states that he was harassed by an inmate named "White Mike" who would call out "we got a special order cooked up for Mr. Johnson of piss and stool." (*Id.* at 9.) Finally, he states that all of his white underwear has been stolen, and he was exposed

3

to tuberculosis through the negligence of the jail's nursing staff. (*Id.* at 10.) As relief, he asks for millions of dollars in damages. (*Id.* at 11.)

Every defendant Johnson names in his complaint is subject to dismissal.[2] The State of Georgia is immune from damages, the sheriff's department is not a legal entity subject to suit, and Johnson has not

---

[2] Apart from those defendants named in the caption, Johnson states in the "parties" section of his complaint that he is suing all individuals who colluded and conspired to deprive him of his rights and to hinder or conceal the matters set forth in the complaint. (Doc. 1 at 4.) That will not do. If he wishes to name a defendant whose identity is unknown, he may list that person as John or Jane Doe defendants until he can identify the individual, but he cannot name a "catchall" defendant as a safety net.

Also, he must allege facts in support of his claim. His conclusory conspiracy claim fails as a matter of law. While pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure. *Aschcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009). That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555-56). Thus, while a detailed recitation of the facts is not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff must allege a nonconclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Johnson's assertion of a "conspiracy" and "collusion," without more, are insufficient in that regard.

4

shown any direct involvement by defendants MacArthur Holmes or Al St. Lawrence in any of the alleged deprivations.[3]

As for the State of Georgia, the Eleventh Amendment prohibits claims for damages against a state unless the state has waived immunity. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *see Welch v. Tex. Dep't of Highways*, 483 U.S. 468, 472-73 (1987); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The sovereign immunity granted by the Eleventh Amendment is not abrogated by the federal civil rights statutes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) ("§ 1983 was [never] intended to disregard the well-established immunity of a State from being sued without its consent"). Johnson hasn't suggested that the state has waived sovereign immunity or consented to be sued in federal court, so any claim he may be attempting to assert against the State of Georgia is barred under the

---

[3] Additionally, Johnson's first claim, that he was threatened and slandered, is time barred. He signed his complaint on July 27, 2010. (Doc. 1 at 11.) Hence, his July 23, 2008 complaints of threats and slander are barred by the two-year limitations period applicable in § 1983 actions in the state of Georgia. *Brown v. Lewis*, 361 F. App'x 51, 54-55 (11th Cir. 2010); *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").

Eleventh Amendment. As such, plaintiff seeks damages against a defendant that is immune from monetary relief. Additionally, § 1983 cannot reach the state directly, since the statute only permits suits against "persons." *Id.* at 67. While cities, counties, and municipalities are considered "persons" to whom Congress intended § 1983 to apply, states are not. *See id.*; *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978).

Turning to the sheriff's department, it is well established that sheriff and police departments are not considered legal entities subject to suit.[4] *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing

---

[4] As one court explained:

> Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *citing Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E.2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County*, 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *Id.*; *see also, Board of Road and Revenue Commissioners of Candler County v. Collins*, 94 Ga.App. 562, 95 S.E.2d 758, 759 (1956).

*Williams v. Muscogee County Sheriff's Dep't*, 2009 WL 1457156 at * 3 (M.D. Ga. May 22, 2009); *id.* (dismissing county sheriff's department for lack of legal capacity).

claim against sheriff's department because department was not subject to suit under Alabama law); *see also McKinnie v. Boseman*, 2009 WL 3753989 at * 2 (S.D. Ga. Nov. 9, 2009); *Griffin v. Hillsborough County Sheriff's Dep't*, 2009 WL 4547054 at *2 (M.D. Fla. Nov. 30, 2009) (same result under Florida law). Hence, the Sheriff's Department should be dismissed from the suit.

Finally, Johnson has not alleged any facts linking Sheriff Al St. Lawrence or Jail Administrator McArthur Holmes to the alleged deprivations. Apparently, he seeks to hold them accountable for the actions of their subordinates. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. *Iqbal*, 129 S. Ct. at 1948; *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell*, 436 U.S. at 691. Instead, Johnson must demonstrate that the defendants directly participated in the alleged constitutional deprivations or that there is some other causal connection between their acts or omissions and the alleged constitutional deprivations. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*,

855 F.2d 736, 738 (11th Cir. 1988) (per curiam).[5] Here, Johnson states that he sent St. Lawrence and Holmes a letter, they agreed to perform a "make shift investigation" and then abandoned the matter. (Doc. 1 at 10.) Their after-the-fact knowledge of the incidents, standing alone, is an insufficient basis for § 1983 liability. *See Iqbal*, 129 S. Ct. at 1949.

For all of the reasons explained above, Johnson's case should be **DISMISSED WITH PREJUDICE**, and this case should count as a "strike" under 28 U.S.C. § 1983. As an additional matter, the Court **DENIES** as moot Johnson's "grievance and motion towards intervention and a dir[]ective from the courts." (Doc. 4.) He suggests that jail staff hindered his completion and return of the Consent to Collection of Fees from Trust Account and Prisoner Trust Fund Account Statement forms. While he may have faced some difficulty in preparing and sending the

---

[5] Such a causal connection may be established by showing that a supervisory official implemented or promulgated an official policy or failed to act after a history of widespread abuse put the official on notice of the need to take corrective action. *Cottone*, 326 F.3d at 1360; *Brown*, 906 F.2d at 671; *Williams v. Cash*, 836 F.2d 1318, 1320 (1988). A plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of custom or policy of depriving inmates of their constitutional rights." *Tittle v. Jefferson County Comm'n.*, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). "'The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.'" *Cottone*, 326 F.3d at 1360 (citation omitted).

forms, the situation apparently resolved itself, as the forms were received by the Court within the allotted time.

**SO REPORTED AND RECOMMENDED** this ___8th___ day of October, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**



Chief Michael Berkow

# NEWS RELEASE

For Immediate Release

## CODIS match solves 2005 sexual assault case

SAVANNAH, GA (July 28, 2008): The latest in DNA-matching technology has helped Metro Police solve the sexual assault of an 87-year-old woman dating back to 2005. The 'hit' came back in June and 44-year-old **Eddie Rolanda JOHNSON** of Savannah was charged last week.

"This is just one more example of how our officers don't let go of investigations," said Chief Michael Berkow. "We are constantly finding ways to use technology to our advantage. Criminals who think they may have 'gotten away' with something shouldn't be so smug," warned Berkow. "We constantly revisit all kinds of crimes and often get new leads through people or technology that can bring closure to a victim and put the offenders in jail."

The incident occurred on May 11, 2005. The victim was asleep in her bed when she was awakened by a man who subsequently sexually assaulted her. She fought and scratched the suspect before he forced her to give up her car keys and escaped.

At that time, Johnson lived in the area and persistent work by detectives led them to obtain a search warrant for Johnson's DNA in June of this year. The DNA was sent to the GBI and run through the Convicted Offender DNA Index System (CODIS). His DNA matched that of the material that was taken from under the fingernails of the assault victim three years ago. Warrants were secured for Johnson's arrest, and he was arrested without incident at his home and charged with Aggravated Sexual Battery, Elder Abuse and Burglary. The victim, now 91-years-old was advised of the arrest by Metro detectives.

Anyone with information about an older crime is urged to contact CrimeStoppers at 912 234-2020.



Chatham County
Court Case Search System

New Search | Contact Information | Map & Directions | S.O.R.T.

## Case Details

### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR092972 |
| Case Type: | AGGRAVATED ASSAULT |
| Judge: | PERRY BRANNEN, JR. |
| Style: | State VS JOHNSON, EDDIE ROLANDA |
| Assistant District Attorney: | NATHANAEL WRIGHT |
| Date Filed: | 12/11/2009 |
| Status: | ACTIVE |
| Superior Court Fines: | Check for Court Fines |
| Next Event: | 10/18/2010 JURY TRIAL |

### Defendant Information

| | |
|---|---|
| DIN: | X0025822 |
| Name: | JOHNSON, EDDIE ROLANDA |
| Date of Birth: | |
| SSN: | Blocked |
| Race: | AFRICAN AMERICAN |
| Gender: | MALE |
| Height: | 71 |
| Weight: | 160 |
| Eye Color: | BROWN |
| Hair Color: | BLACK |
| Address: | |
| Prior Address: | |

Chatham County Sheriff X0025822

### Attorney Information

LESLIE ROCHE LOWRY - 540 East Oglethorpe Avenue Savannah GA 31401

### Bondsman Information

N/A

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-7-1 | BURGLARY | 1 | FELONY | 7/23/2008 3:21:16 PM | |
| 30-5-8(A)(1) | ABUSE OF DISABLED OR ELDER PERSON | 1 | MISDEMEANOR | 9/15/2008 | |
| 16-5-21 | AGGRAVATED ASSAULT | 1 | FELONY | 12/11/2009 | |

### Proceedings

| Code | Date | Time | Action | Judge | Details | Docs |
|---|---|---|---|---|---|---|
| MOTION HEARING (MTH) | 10/18/2010 | 3:00PM | | PERRY BRANNEN, JR. | | |
| JURY TRIAL | 10/18/2010 | 09:30AM | | PERRY BRANNEN, JR. | | |
| PETITION FOR BOND/NISI | 9/24/2010 | | | | | |
| PRO SE LETTER RECEIVED | 9/21/2010 | | | | | |
| JURY TRIAL | 9/7/2010 | 09:30AM | RESCHEDULE EVENT | PERRY BRANNEN, JR. | | |
| FORENSIC SERVICES PROGRAM | 8/19/2010 | | | | | |
| JURY TRIAL | 7/19/2010 | 09:30AM | RESCHEDULE EVENT | PERRY BRANNEN, JR. | | |
| ORDER | 6/28/2010 | | | | AMENDED EX PARTE ORDER FOR CONFIDENTIAL MENTAL EVALUATION/ | |
| PRO SE LETTER RECEIVED | 6/11/2010 | | | | COMPLAINING ABOUT COURT APPOINTED ATTY/ | |
| PETITION FOR BOND/NISI | 6/8/2010 | | | | | |
| JURY TRIAL | 6/1/2010 | 09:30AM | RESCHEDULE EVENT | PERRY BRANNEN, JR. | | |
| PRO SE LETTER RECEIVED | 5/14/2010 | | | | | |
| FORENSIC REPORT ORDERED | 4/27/2010 | | RECEIVED | | | |
| JURY TRIAL | 3/15/2010 | 09:30AM | RESCHEDULE EVENT | PERRY BRANNEN, JR. | | |
| PLEA HEARING | 2/1/2010 | 11:00AM | | PERRY BRANNEN, JR. | | |
| SCREENING | 12/11/2009 3:26:16 PM | | | | Initial Case Screening / Scanning | |

New Search